# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GREGORIO CARDONA-BECERRA,

    Petitioner,

v.                                             CASE NO. 8:10-CV-1298-T-30TGW
                                              CRIM. CASE NO. 8:08-CR-487-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's *pro se* Motion to Correct Illegal Sentence (CV Dkt. 1) which the Court construes as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("motion").[1] For the reasons that follow, the Court determines that Petitioner's motion must be denied.[2]

## Background

In 2008, Petitioner was charged by Indictment with one count of illegal re-entry of a deported alien after an aggravated felony in violation of 8 U.S.C. § 1326(b)(2) (CR Dkt. 1).

---

[1] On April 28, 2010, the Court directed Petitioner to clarify, within 14 days, whether he intended his motion to be a motion to vacate pursuant to 28 U.S.C. § 2255 (CR Dkt. 40). Petitioner, however, failed to respond to the April 28, 2010 order.

[2] "The judge who receives the [section 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings. It is clear that Petitioner is not entitled to his requested relief.

On March 24, 2009, Petitioner entered a plea agreement with the United States admitting guilt to Count One (CR Dkt. 30).

Prior to sentencing, a PSI was prepared which reveals as follows. Pursuant to U.S.S.G. § 2L1.2, the base offense level for a violation of 8 U.S.C. § 1326 is 8. (PSI ¶15). Because the Petitioner was previously deported after a conviction that is a crime of violence, attempted burglary of a habitation, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), an additional sixteen levels were added to his base offense level. (PSI ¶16). The base offense level was then reduced three levels based on the Petitioner's timely acceptance of responsibility, and assistance in the investigation of the offense, resulting in a total adjusted offense level 21. (PSI ¶¶ 21-23).

It was also determined that Petitioner had a total of twenty-five criminal history points, resulting in a criminal history category VI. (PSI ¶41). Based on a total offense level of 21 and a criminal history category VI, the guideline imprisonment range was 77-96 months. (PSI ¶78).

On June 30, 2009, the Court sentenced Petitioner to the low end of the guidelines, 77 months imprisonment, followed by three years supervised release. (CR Dkts. 36, 37).[3]

## Standard of Review

Title 28 U.S.C. § 2255 provides that Petitioner can seek collateral review only if:

1. the sentence was imposed in violation of the Constitution or laws of the United States;

2. the court was without jurisdiction to impose such a sentence; or

---

[3]Petitioner did not file a direct appeal of his conviction or sentence.

3. the sentence was in excess of the maximum authorized by law.

Petitioner raises two grounds to set aside his sentence. The Supreme Court stated in *Sunal v. Large*, 332 U.S. 174, 178 (1947), that § 2255 is not a substitute for direct appeal. Petitioner's allegations of District Court sentencing errors do not raise a constitutional issue. Where a sentence is not in excess of the maximum authorized by law, a claim of error regarding the sentence should be raised on direct appeal.

Petitioner's conviction became final on July 15, 2009, when the time for filing a direct appeal had passed. Therefore, Petitioner had until July 15, 2010, to file his § 2255 motion. Applying these provisions to Petitioner's § 2255 motion, the Court finds that Petitioner's motion is timely under the one-year limitation period.

## Discussion

Petitioner now raises two grounds in this § 2255 motion to set aside his sentence. In Ground 1, Petitioner claims that this Court erred when it increased his base offense level by sixteen levels because Petitioner was previously deported after a conviction that is a crime of violence. Petitioner argues that his prior conviction for attempted burglary of a habitation does not qualify as a crime of violence under U.S.S.G. § 2L1.2. In Ground 2, Petitioner asserts that this Court erred when it increased his base offense level by sixteen levels because the prior conviction for attempted burglary of a habitation should not have been used to increase his base offense level since it was committed more than fifteen years before commencement of the instant illegal re-entry offense.

Sentencing errors must be raised on direct appeal, not collaterally attacked in a 28 U.S.C. § 2255 petition. The Supreme Court has noted that § 2255 is not a substitute for direct appeal. *See Sunal v. Large*, 332 U.S. at 178.

Petitioner's claims are not cognizable on collateral review "because [they are] neither constitutional nor jurisdictional and do[] not constitute a fundamental defect resulting in a complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329 (11th Cir. 1998). Non-constitutional claims can be raised on collateral review only when the alleged error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994). The claims brought by Petitioner do not involve a fundamental defect or an omission inconsistent with the rudimentary grounds of fair procedure. Accordingly, his claims are not cognizable in a 28 U.S.C. § 2255 motion to vacate.

Further, Petitioner entered into a written plea agreement with the Government where he agreed that this Court had "authority to impose any sentence up to the statutory maximum"[4] and waived his right to appeal or collaterally attack his sentence, "including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines..." (CR Dkt. 30 at pgs. 9-10). A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence,

---

[4]The statutory maximum sentence in Petitioner's case was twenty (20) years imprisonment. (PSI ¶77).

and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001), *cert. denied*, 536 U.S. 961 (2002). Petitioner does not assert that the waiver of his right to appeal or collaterally challenge his sentence was not knowing and voluntary. When a petitioner challenges the constitutionality of his sentence after waiving the right to do so in a plea agreement, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Petitioner's claims concern sentencing issues, not with the validity of the plea itself. Thus, Petitioner's claims are barred from review by the waiver.

### Evidentiary hearing

An evidentiary hearing is required on a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Further, an evidentiary hearing is required only if Petitioner alleges facts which, if proven, would entitle him to relief. *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989) (citing *Townsend v. Sain*, 372 U.S. 293 (1963)); *Porter v. Wainwright*, 805 F.2d 930 (11th Cir. 1986).

Here, the record conclusively demonstrates that Petitioner is not entitled to relief on his claims. There is accordingly no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

Accordingly, the Court **ORDERS** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.[5] A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these

---

[5] See Rule 11 of the Rules Governing Section 2254 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on June 22, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner